## Don Carlos Kepler, Appellee, v. Applegate & Lewis Coal Company, Appellant.

## Gen. No. 5,196.

1. MINES AND MINERS ACT—*section 21 (b) construed.* Even prior to the amendment of 1907 places of refuge were required to be provided on all hauling roads and gangways regardless of whether men had to pass thereon to and from their work.

2. STATUTES—*power of legislature to construe.* Where a statute is unambiguous and rights have accrued under it the legislature may not afterwards place upon that statute a construction which will deprive a party of rights already vested.

3. INSTRUCTIONS—*what essential to review error in refusing.* In order to take advantage of the refusal of an instruction the refused instruction must be set out in the bill of exceptions.

Action in case for personal injuries. Appeal from the Circuit Court of Peoria county; the Hon. LESLIE D. PUTERBAUGH, Judge, pre-

siding.   Heard in this court at the April term, 1909.   Affirmed.
Opinion filed March 11, 1910.

SHEEN & MILLER, for appellant; JAMES A. CAMERON,
of counsel.

JOSEPH A. WEIL and FRANK J. QUINN, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion
of the court.

Appellant operates a coal mine.   Appellee was a
mule driver therein on September 13, 1906, in the em-
ploy of appellant.   Part of his duty was to drive a
mule hauling two loaded cars of coal from the east
entry south along the main entry towards the shaft to
a point known as the parting track.   In that space the
descent was sharp to the south.   On that day he came
to the top of the incline driving a mule hauling two
cars of coal.   At the top of the incline the mine in-
spector spragged the wheels.   Appellee stood in the
usual position for that ride, with one foot on a bar
on the front end of the car and the other on the tail
chain and with one hand on top of the car and the
other on the hip of the mule, and in that position
started the mule and cars down the incline.   When
within about sixty feet of the parting track, the mule
stumbled, the tail chain became unhooked, and appel-
lee was thrown.   He went under the car with his head
to the rear.   When taken out almost immediately
afterwards, his head lay between the two cars with
his feet further south.   He brought this suit to re-
cover damages for the injuries thereby sustained.

There were declarations and demurrers and amend-
ments, the withdrawal of a common law count, and
the case went to the jury on certain counts of the sec-
ond amended declaration, which charged that the in-
jury was occasioned by the wilful failure of appellant
to maintain places of refuge as required by law along
said main entry, and on a plea of not guilty.   Appel-
lee had a verdict and a judgment for $765, from which

defendant below appeals. Appellant insists that we shall not remand the cause, and that if we cannot find sufficient grounds for reversing without remanding, we shall affirm the judgment.

The defenses are (1) that the statute did not require places of refuge in that entry; (2) that the absence of places of refuge was not the cause of appellee's injury; and (3) that appellant had places of refuge there as required by statute.

Section 21 (b) of the Mines and Mining Act of 1899, in force when this accident happened, is as follows: "On all hauling roads or gangways on which the hauling is done by draft animals, or gangways whereon men have to pass to and from their work, places of refuge must be cut in the side-wall at least two and a half feet deep, and not more than twenty yards apart; but such places shall not be required in entries from which rooms are driven at regular intervals not exceeding twenty yards, and wherever there is a clear space of two and one-half feet between the car and the rib, such space shall be deemed sufficient for the safe passage of men. All places of refuge must be kept clear of obstructions and no material shall be stored nor be allowed to accumulate therein." Appellant urged that this should be interpreted to mean that the places of refuge must be provided on all hauling roads on which hauling is done by draft animals and whereon men have to pass to and from their work; and as this was not a way whereon men had to pass to and from their work, therefore places of refuge were not required, although it was a hauling road on which the hauling was done by draft animals. To so hold, we must change the word "or" in the statute to "and". This we do not feel authorized to do, without any circumstance requiring such construction. In 1907, after this accident occurred, said section 21 (b) was amended so that the first part read as follows: "On all hauling roads or gangways on which the hauling is done by draft animals, or gangways whereon men are obliged to be in the performance of their du-

ties or have to pass to and from their work, places of refuge must be cut," etc. The words "whereon men are obliged to be in the performance of their duties" are added. It is argued that this furnishes a legislative construction that prior to 1907 said section 21 (b) did not require places of refuge at such a place as this entry, where men did not pass to and from their work, but whereon drivers were obliged to be in the performance of their duties. Where a statute is unambiguous and rights have accrued under it, the legislature may not afterwards place upon that statute a construction which will deprive a party of rights already vested. But the passage of this amendment may as well be attributed to a desire on the part of the legislature to make the statute so plain for the protection of such men as drivers at such a place that the defense here interposed could not be thought tenable by any one. We therefore hold the statute applicable to this main entry.

' Appellee testified that when the chain came unhooked, he got to his feet on the ground in front of the car and ran as hard as he could for about twenty yards, looking for a place of refuge into which he might escape and avoid the car; that then the car overtook him and knocked him down and ran over him. Appellant introduced proof tending to show that when the tail chain unhooked appellee at once fell to the ground and the car ran over him. If that proof by appellant is true, then the absence of places of refuge did not contribute to this accident, and the presence of places of refuge would not have averted it. Appellant contends that the proof is so overwhelming that appellee went under the car at once that we ought to reverse the judgment and refuse to remand the cause. It is clear that the trial judge, on a motion to direct a verdict, could not decide for appellant on this conflicting testimony, but was bound to submit to the jury the question whether appellee had given upon the witness stand the true account of the .

injury. We have considered the argument of appellant's counsel on this subject and are of the opinion that it cannot be said that the proof is so clear that appellee's testimony is not true that we can disregard it and find the facts to the contrary by a final judgment here. Therefore, even if we should believe that there was a decided preponderance in favor of appellant's theory, we could do no more than reverse the judgment and remand the cause for another trial, and that appellant has expressly requested us not to do in any event. As appellant asks us not to remand in any event, we are not at liberty to reverse on that ground.

Appellant contends that there were places of refuge along this entry way which complied with the act of 1899 above quoted. The evidence is conflicting as to whether there were places of refuge of the width required within the distances fixed by the statute, but there appears to be a clear preponderance of the evidence that whatever space there may have been between the cars and the rib, it was not kept clear of obstructions, but that much dirt and other material was piled up in said space, so that any one seeking a refuge from an approaching car would be obliged to climb up and crawl into a little shelf towards the upper part of the five feet of room between the floor and the roof.

It is not contended that the trial judge committed any error in his rulings upon the evidence or the instructions, except that it is claimed that the court should have given an instruction directing a verdict for appellant. Not only was the court required to refuse such an instruction if one had been asked, but although the record shows that some instruction on that subject was asked by defendant, both at the close of plaintiff's evidence and at the close of all the evidence, yet the instruction so asked is not set out in the bill of exceptions. In order to take advantage of the refusal of an instruction, the refused instruction must be set out in the bill of exceptions. If it is not so set

out in the bill of exceptions, it will be presumed that it was properly refused.  It is not contended that the damages are excessive and it is clear that they are very meagre for the injuries sustained.  We find no such state of the proofs as would justify us in refusing to remand the cause.  The judgment is therefore affirmed.

*Affirmed.*